UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DANIEL J. FOLEY, | No. C 12-625 MEJ |
| Plaintiff, | **ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 20)** |
| v. | |
| PATRICK DONAHOE, POSTMASTER GENERAL, U.S. POSTAL SERVICE, | |
| Defendant. | |

## INTRODUCTION

On February 8, 2012, Plaintiff Daniel J. Foley filed the present Complaint, alleging discrimination based on race under Title VII of the Civil Rights Act of 1964. Compl., Dkt. No. 1. Defendant now moves the Court pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction or, alternatively, pursuant to Rule 12(b)(6) on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Dkt. No. 20. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and VACATES the July 26, 2012 hearing. After carefully considering the parties' arguments and the controlling legal authorities, the Court GRANTS Defendant's Motion for the reasons set forth below.

## BACKGROUND

Plaintiff, a white man, was employed as a probationary Mail Handler at the San Francisco Bulk Mail Center of the United States Postal Service (the "Agency") from approximately April 28, 2007 to July 14, 2007, at which time he was terminated. Hill Decl., Exs. 2, 3, Dkt. No. 21. On approximately July 17, 2007, Plaintiff sought counseling with the United States Equal Employment

Opportunity Commission ("EEO") in EEO Case No. 1F-942-0011-07, alleging that he was discriminated against based on his race when he received a Notice of Separation from the Agency. *Id.* ¶¶ 3, 5, Exs. 5, 7. The Notice of Separation, dated July 13, 2007, provides that Plaintiff was separated during probation for his failure to meet the requirements of the position, failure to follow established safety procedures, failure to work in a safe manner, and commitment of an unsafe act. *Id.*, Ex. 2. The parties settled the EEO case on August 15, 2007 in a mediation before Plaintiff filed a formal EEO complaint. *Id.* ¶ 3, Ex. 1. The Settlement Agreement Form ("Agreement") provides that "[Plaintiff] will be allowed to substitute voluntary resignation for medical reasons . . . ." *Id.*, Ex. 1. The Agreement also states, "Any alleged breach arising out of the implementation of or compliance with this settlement agreement must be reported in writing to the Manager, EEO Compliance and Appeals, EEO Field Operations - Pacific . . . within 30 days of the alleged breach." *Id.*

On March 19, 2011, Plaintiff filed a formal complaint with the Agency in EEO Case No. 1F-942-0008-11. *Id.* ¶ 6. Plaintiff generally alleges that he was discriminated against based on his race when he received his Notice of Separation in 2007 and because of the circumstances surrounding his separation. *Id.* ¶ 6, Ex. 4. On April 13, 2011, the Agency issued a Dismissal of Formal EEO Complaint ("April 13, 2011 Dismissal") 1F-942-0008-11, dismissing Plaintiff's EEO complaint for failure to state a claim because the complaint "states the same claim that is pending before or has been decided previously by the agency." *Id.*, Ex. 5 at 1-2. Citing to 29 C.F.R. 1614(a)(1), the April 13, 2011 Dismissal notes, "Plaintiff's complaint is the same as the one [he] sought counseling for on July 17, 2007, [EEO] Case [No.] 1F-942-0008-11, which as [Plaintiff] know[s] was resolved in mediation . . . ." *Id.*, Ex. 5 at 1; *see also* 29 C.F.R. 1614(a)(1) ("[T]he agency shall dismiss an entire complaint . . . that states the same claim . . . [that] has been decided by the Agency[.]"). The Agency also dismissed Plaintiff's EEO complaint because it was time-barred as he did not bring it to the attention of an EEO Counselor until approximately 42 months after his separation from the Agency. Hill Decl., Ex. 5 at 2. The Agency found, "This is well beyond the statutory requirement to initiate contact within 45 days of the matter alleged to be discriminatory." *Id.* Plaintiff did not appeal the April 13, 2011 Dismissal to the EEOC's Office of Federal Operations ("OFO") or file a civil action in

**UNITED STATES DISTRICT COURT**
For the Northern District of California

the United States District Court seeking de novo review of his claims within 90 calendar days of his receipt of the Dismissal. *Id.* ¶ 6.

On December 16, 2011, Plaintiff filed a formal EEO complaint in EEO Case No. 1F-942-0021-11. *Id.* ¶ 7, Exs. 6-7. Plaintiff's complaint in EEO Case No. 1F-942-0021-11 is the same complaint as those in EEO Case Nos. 1F-942-0011-07 and 1F-942-0008-11. *Id.* ¶¶ 3, 6-7, Exs. 4-7; *see also* Compl. On December 29, 2011, the Agency issued a Dismissal of Formal EEO Complaint ("December 29, 2011 Dismissal") 1F-942-0021-11, dismissing the complaint for failure to state a claim because the complaint "states the same claim that is pending before or has been decided previously by the agency." *Id.* ¶ 7, Ex. 7 at 1-2. Again citing to 29 C.F.R. 1614(a)(1), the December 29, 2011 Dismissal notes, "Plaintiff's [EEO] complaint is the same as the one [he] sought counseling for on July 17, 2007, [EEO] Case [No.] 1F-942-0021-11, which as [Plaintiff] know[s] was resolved in mediation . . . . It is also the same claim that [Plaintiff] made in [his] formal complaint 1F-942-0008-11[,] which he filed several months ago on March 19, 2011." *Id.* The Agency also dismissed Plaintiff's EEO complaint because it was time-barred as he did not bring it to the attention of an EEO Counselor until approximately four years after his separation from the Agency. *Id.*, Ex. 7 at 2. Again, the Agency found, "This is well beyond the statutory requirement to initiate contact within 45 days of the matter alleged to be discriminatory." *Id.*

Plaintiff subsequently commenced this action on February 8, 2012, within 90 days of his receipt of the December 29, 2011 Dismissal. He essentially alleges discrimination based on race (White) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, when he received his Notice of Separation and because of the circumstances surrounding his separation. Compl. ¶ 2, Attachs. 1, 3. Defendant now moves to dismiss Plaintiff's Complaint, arguing that he alleges the same claims that were raised in his three previous EEO cases, which are therefore time-barred.

**DISCUSSION**

In his Motion, Defendant argues that the Court should dismiss Plaintiff's Complaint with prejudice based on lack of subject matter jurisdiction and failure to state a claim. Def.'s Mot. at 2.

3

1 Specifically, since Plaintiff alleges the same claims that were raised in his three previous EEO cases,
2 and the first EEO case was settled as a result of mediation and the other two were dismissed by the
3 Agency because they raised the same claims as the first case and were time-barred, Defendant argues
4 that the Complaint is barred for failure to timely assert administrative remedies and barred by the
5 applicable statute of limitations. *Id.*

6 In his opposition, Plaintiff does not directly respond to any of the arguments in Defendant's
7 motion. Pl.'s Opp'n, Dkt. No. 28. Instead, Plaintiff essentially alleges that he filed a claim with the
8 United States Postal Service's National EEO Investigative Services Office but it was returned to him
9 because he sent it to an incorrect P.O. Box address. *Id.* at 2. Plaintiff also alleges that he obtained a
10 new address for the investigative office and sent a packet of documents to that address, and then
11 received a letter from Defendant stating that his case was untimely and that he could file a claim in
12 Federal Court. *Id.* Plaintiff does not provide any such letter.

13 Because the Court finds Defendant's jurisdictional argument dispositive, it turns to it first.

**A.   Legal Standard**

15 Federal courts are courts of limited jurisdiction and these limits, whether imposed by the
16 Constitution or by Congress, cannot be disregarded or evaded. *Kokkonen v. Guardian Life Ins. Co. of*
17 *Amer.*, 511 U.S. 375, 377 (1994); *Al Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988) (holding that a
18 federal court's "power to adjudicate claims is limited to that granted by Congress, and such grants are
19 not to be lightly inferred"). A federal court is presumed to lack jurisdiction in a particular case unless
20 the contrary affirmatively appears. *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir.
21 1979).

22 A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court.
23 *See, e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert*
24 *denied*, 541 U.S. 1009 (2004). Courts will not infer evidence supporting federal subject matter
25 jurisdiction. *Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the
26 federal court's] limited jurisdiction."). The burden of proof on a Rule 12(b)(1) motion is on a
27 party asserting jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818

4

(9th Cir. 1995).

**B.     Application to the Case at Bar**

Here, Plaintiff alleges race discrimination under Title VII.  Compl. ¶ 2, Attachs. 1, 3.  To prevail in a Title VII claim, a plaintiff first must exhaust his administrative remedies.  *Brown v. General Servs. Admin.*, 425 U.S. 820, 832-33 (1976).  If a plaintiff has not exhausted his administrative remedies, there is no subject matter jurisdiction over a Title VII claim.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 1991); *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).

If the plaintiff is pursuing an individual complaint of discrimination, he must have contacted an EEO counselor within 45 days of the event giving rise to the complaint.  29 C.F.R. § 1614.105.  This requirement is jurisdictional and where it is not met, a complaint must be dismissed for lack of subject matter jurisdiction.  *Brown*, 425 U.S. 835 (finding failure to timely pursue administrative remedies bars the claim); *Girard v. Rubin*, 62 F.3d 1244, 1246 (9th Cir. 1995); *Boyd v. U.S. Postal Service*, 752 F.2d 410, 414-15 (9th Cir. 1985).  The Ninth Circuit treats the 45-day time limit as a statute of limitations subject to waiver, estoppel, and equitable tolling.  *Boyd*, 752 F.2d at 414.

Moreover, a federal employee seeking to pursue claims of discrimination in the district court must commence his civil action "[w]ithin 90 days of receipt of notice of final action taken" by the agency or the EEOC.  42 U.S.C § 2000e-16(c).  The 90-day period to file a civil action after final agency action is a statue of limitations.  *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997).  "While it is not a jurisdictional prerequisite to filing suit in federal district court, the ninety-day filing requirement 'is a condition precedent to suit that functions like a statute of limitations.'"  *Conkle v. Potter*, 352 F.3d 1333, 1336 n. 5 (10th Cir. 2003).  Therefore, if a claimant fails to file the civil action within the 90-day period, the action is time-barred.  *Nelimida*, 112 F.3d at 383.

Here, Plaintiff's Complaint involves allegations of discrimination based on race when he received his Notice of Separation dated July 13, 2007, and the circumstances surrounding that separation.  They are the same or essentially the same allegations as those in EEO Case Nos. 1F-

942-0011-07, 1F-942-0008-11, and 1F-942-0021-11. While Plaintiff timely sought EEO counseling in EEO Case No. 1F-942-0011-07, no formal complaint was filed; instead, that case was settled as a result of a mediation. Further, even assuming Plaintiff alleged a breach of the settlement agreement in the first EEO case, such an allegation is time-barred because Plaintiff failed to notify the Agency of any breach within 30 days of the August 15, 2007 settlement agreement. *See* 29 C.F.R. § 1614.504(a) ("If the complainant believes that the agency has failed to comply with the terms of a settlement agreement . . ., the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance."). Plaintiff was notified of this requirement in the settlement agreement itself. Hill Decl. ¶ 3, Ex. 1. ("Any alleged breach arising out of the implementation of or compliance with this settlement agreement must be reported in writing to the Manager, EEO Compliance and Appeals, EEO Field Operations - Pacific, PO Box 130059, Daly City CA 94099-0059, within 30 days of the alleged breach.").

For EEO Case Nos. 1F-942-0008-11 and 1F-942-0021-11, Plaintiff did not contact an EEO counselor until December 17, 2010, approximately 42 months after his separation from the Agency, well after the 45-day deadline. Hill Decl. ¶ 6, Ex. 5 at 2. (approximately 42 months and over four years after his separation, respectively). Thus, Plaintiff cannot in good faith allege that he timely exhausted his administrative remedies in regards to these EEO complaints, and his present complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons sets forth above, the Court **GRANTS** Defendant's Motion. As leave to amend would be futile, the Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: July 10, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge